**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2657-19

IN THE MATTER OF
BRIAN CLANCY, SHERIFF'S
OFFICER (S9999R), BERGEN
COUNTY SHERIFF'S OFFICE.

_____

Submitted August 2, 2021 – Decided August 13, 2021

Before Judges Mawla and Rose.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-3363.

The Law Offices of Fusco & Macaluso, PC, attorneys for appellant Brian Clancy (Giovanna Giampa, on the brief).

Eric M. Bernstein & Associates, LLC, attorneys for respondent Bergen County Sheriff's Office (Eric M. Bernstein, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Brian Clancy appeals from a January 31, 2020 final decision by the Civil Service Commission affirming his removal from the eligible list for sheriff's officer by the Bergen County Sheriff's Office (BCSO). We affirm.

Clancy passed the civil service exam, but in October 2016, the BCSO issued a notice removing him from the eligible list after conducting a background investigation. Clancy appealed from the decision to the Commission. The BCSO filed a fifteen-page memorandum detailing its reasons for removing Clancy's name from the eligible list. The memorandum addressed three categories of concern, namely: (1) Clancy's poor academic record, which resulted in his being placed on academic probation and ultimately being dismissed from college; (2) his termination from employment with the Bergen County Police Department (BCPD) as a dispatcher, Stockton University Police Department as a security officer, and Rutgers University Police Department as a police officer; and (3) his poor driving record, which included multiple motor vehicle summonses, accidents, and license suspensions.

Clancy argued as follows: (1) he withdrew from college and was not dismissed; (2) he resigned from BCPD and was unaware of his supervisor's request to terminate him (Clancy provided a letter from a different supervisor asserting he was an "exemplary employee"); (3) he was terminated from

Stockton for not passing the working test period, but had no disciplinary issues and received no performance notices during his time there; (4) he disclosed his termination from Rutgers, but argued he was denied due process because there was never a disciplinary proceeding; and (5) the BCSO erred in relying on his driving record because he had a valid license and was in good standing.

The Commission found Clancy failed to prove by a preponderance of the evidence the BCSO erred. Citing N.J.A.C. 4A:4-4.7(a)(1) and N.J.A.C. 4A:4-6.1(a)(9), the Commission noted Clancy's name could be removed from the eligibility list "for other sufficient reasons includ[ing] . . . a consideration that based on [his] background and recognizing the nature of the position at issue, [he] should not be eligible for appointment." The Commission also noted the aforementioned regulations permitted removal "from an eligible list for having a prior employment history which relates adversely to the title." The Commission further held it "has the authority to remove candidates from lists for law enforcement titles based on their driving records since certain motor vehicle infractions reflect a disregard for the law and are incompatible with the duties of a law enforcement officer."

The Commission rejected Clancy's arguments and concluded the BCSO did not err because Clancy's employment history and driving record showed he

3

was unqualified for the sheriff's officer position. The Commission found as follows:

> [Clancy] has an adverse employment history based on [his] resignation from the BCPD, his termination from Stockton, and his termination from Rutgers. . . . While [Clancy] claims that he was not aware that his former supervisor with the BCPD requested [his] termination, he did not have any disciplinary issues with Stockton[,] and the allegations by Rutgers against him were either false or exaggerated and his termination was without due process, at minimum, [Clancy] has been unable to maintain long-term employment with multiple law enforcement organizations. Therefore, it was appropriate for the appointing authority to conclude that [Clancy's] employment background was not suitable for a position as a [s]heriff's [o]fficer.

> Additionally, [Clancy's] driving record indicate[d] numerous motor vehicle summonses and accidents between 1998 and May 2016, as well as his driver's license being suspended from September 2002 to March 2003. [Clancy] argues that since his driver's license is currently in good standing[,] his driving record should not be used as a basis for his removal. In this regard, [Clancy's] ability to drive a vehicle in a safe manner is not the main issue in determining whether or not he should remain eligible to be a [s]heriff's [o]fficer. These motor vehicle incidents evidence disregard for the motor vehicle laws and the exercise of poor judgment. [Clancy] has offered no substantive explanation for these incidents. While the Commission is mindful of [Clancy's] recent attempts to remedy his driving record, it is clear that [Clancy's] driving record shows a pattern of disregard for the law and questionable judgment on [Clancy's] part. Such qualities are unacceptable for an individual seeking a

4

position as a [s]heriff's [o]fficer, a law enforcement employee. See Moorestown v. Armstrong, 89 N.J. Super. 560 (App. Div. 1965), cert[if]. denied, 47 N.J. 80 (1966). See also In re Phillips, 117 N.J. 567 (1990). The public expects [s]heriff's [o]fficers to present a personal background that exhibits respect for the law and rules.

The scope of appellate review of an administrative agency's final determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Ibid. (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

"Courts provide the widest possible interpretation of the [Civil Service] Act as it was designed to procure efficient public service and to maintain stability and continuity in ordinary public employment." In re Johnson, 215 N.J. 366, 377 (2013). Therefore, in undertaking our review, we ask

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

A-2657-19

[In re Carter, 191 N.J. 474, 482-83 (2007) (quoting
Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

Clancy reprises the arguments he raised before the Commission on this appeal. He claims the Commission's decision was arbitrary, capricious, unreasonable, and unsupported by the evidence. He asserts he resigned and was not terminated from the BCPD since he was not subject to discipline. He argues his termination from Rutgers lacked due process. He asserts his termination from Stockton did not consider the fact he expressed remorse for his conduct and was not criminally charged. He argues his driving record should not have influenced the outcome because many of the infractions were not his fault and his license is in good standing.

Clancy's arguments uniformly lack merit. R. 2:11-3(e)(1)(E). The Commission's final decision is supported by sufficient credible evidence on the record as a whole and we affirm substantially for those reasons. R. 2:11-3(e)(1)(D). We add the following comments.

The detailed memorandum issued by the BCSO refutes Clancy's arguments relating to his employment history. As to Clancy's driving history, the memorandum notes he pled guilty to seventeen violations between 1998 and 2012, was adjudicated guilty of three more violations, had his license suspended on seven occasions, failed to appear in court ten times and was subject to three

6

arrest warrants related to his failure to appear. On this record, we are hard pressed to conclude the Commission's decision was anything other than consistent with legislative policies, amply supported by the evidence, and reasonable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2657-19